IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| DANA ENOCH KIDD, JR., ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 09-6147-CV-SJ-ODS |
| ) | Crim. No. 04-06006-02-CR-SJ-ODS |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

<u>ORDER AND OPINION (1) GRANTING REPSONDENT'S MOTION TO DISMISS AND
(2) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY</u>

Pending is Movant's application for postconviction relief. The Government contends the motion is untimely and the Court agrees, so the Government's Motion to Dismiss (Doc. # 5) is granted.

Movant was convicted by a jury of conspiring to distribute, and possessing with intent to distribute, 500 grams or more of cocaine. He was sentenced on April 13, 2005. Movant appealed, and his attorney filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967). Movant also filed a pro se brief. In an opinion dated August 10, 2006, the Court of Appeals affirmed the judgment and dismissed without prejudice Movant's claims of ineffective assistance of counsel because those claims "should be presented (if at all) in a separate 28 U.S.C. § 2255 motion . . . ." <u>United States v. Kidd</u>, Case No. 05-2154, slip op. at 2 (8th Cir. Aug. 10, 2006).

On or about August 16, 2006, Movant wrote a letter to the Clerk of Court for the Court of Appeals, indicating he had received a letter from his attorney "regarding the Anderson [sic] brief, and 28 U.,S.C. § 2255 to file [sic]." The letter then asks if it was "okay to file the § 2255." Along with the letter, Movant sent the Clerk another Notice of Appeal. These documents were forwarded to the Clerk for this Court for processing. The documents were filed as a Notice of Appeal; the appeal (Case No. 06-3285) was dismissed for lack of jurisdiction on September 21, 2006.

On April 21, 2008, the Court received a letter from Movant indicating his understanding that he had until August 2007 to file his 2255 motion, acknowledging that he was time-barred, and "asking the court to grant [an] extension" to file his request for postconviction relief. In an order dated April 22, 2008, the Court directed that Movant's letter be filed as a motion for extension of time; the letter appears as Entry 127 on the Docket Sheet in Movant's criminal case. The April 22 Order also denied the request for an extension because the Court lacked the power to extend the deadline established by Congress.

On July 9, 2009, the Court received a letter from Movant addressed to the Court of Appeals. The letter indicated he was preparing a postconviction motion, acknowledged that such a motion would be untimely, and requested the forms necessary to ask the Court of Appeals for permission to file an untimely postconviction motion. This letter was filed and appears as Entry 129 on the Docket Sheet.

Movant's postconviction motion was received and filed by the United States District Court for the Eastern District of Missouri on December 18, 2009. The case was transferred to this Court on December 21. On page 12 of his motion, Movant concedes the motion is untimely but contends the tardiness should be excused because "petitioner's counsel at the time of this conviction did not advise petitioner that he had to file any post conviction (2255 petition) within a year after the conviction became final."

Movant is correct when he concedes his motion is untimely. A motion for relief under section 2255 must be field within one year of the later of four events, the only one of which is applicable in this case is "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2245(f)(1). Movant nonetheless argues that his tardiness should be excused. Equitable tolling is available in extraordinary circumstances, but "only when some fault on the part of a defendant has caused the plaintiff to be late in filing, or when other circumstances, external to the plaintiff and not attributable to his actions, are responsible for the delay." Flanders v. Graves, 299 F.3d 974, 977 (8th Cir. 2002), cert. denied, 537 U.S. 1236 (2003). The explanation that Movant offered in his Motion – that nobody told him he had one year to file – will not justify equitable tolling. Cf. United States v. McIntosh, 332 F.3d 550, 551 (332 F.3d 550, 551) (8th Cir. 2003)

2

(per curiam) (holding "mistake about the deadline" does not justify equitable tolling); Kruetzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000), cert. denied, 534 U.S. 863 (2001) ("Even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted."). Even if the movant is represented by counsel, an error or failure on the lawyer's part in calculating the deadline does not justify equitable tolling. E.g., Kruetzer, 231 F.3d at 463.

In response to the Government's Motion to Dismiss, Movant's argument changed. Instead of relying on his attorney's purported failure to advise him of the one-year time limit, Movant (for the first time) contended he did not receive the order from the Court of Appeals affirming his conviction, so he did not know the limitation period started. This argument is belied by the Record, most notably in Movant's failure to raise it until after the Government presented legal authority demonstrating his initial position was not viable. Moreover, Movant's April 21, 2008, letter demonstrated that he knew his motion was already untimely, yet he waited another twenty months before filing his postconviction motion. Movant's lack of diligence precludes application of equitable tolling. E.g., Earl v. Vabian, 556 F.3d 717, 724 (8th Cir. 2009); E.J.R.E. v. United States, 453 F.3d 1094, 1098 (8th Cir. 2006).

In addition to granting the Government's Motion to Dismiss, the Court declines to issue a Certificate of Appealability. The Court's ruling precludes consideration of the merits, so a Certificate of Appealability should be issued if "jurists of reason would find it debatable whether the person states a valid claim" and "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The decision that a postconviction motion is time-barred constitutes such a procedural decision. E.g., Anjulo-Lopez v. United States, 541 F.3d 814, 816-17 (8th Cir. 2008); Boston v. Weber, 525 F.3d 622, 623-24 (2008). When a Certificate of Appealability is denied, the court is required to "state why such a certificate should not issue." Fed. R. App. P. 22(b). The Court concludes that reasonable jurists would have no doubt that Movant was not diligent, nor would they have doubt that equitable tolling is inappropriate in this case.

IT IS SO ORDERED.

DATE: March 22, 2010

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT